IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO TURN AROUND,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　　No. 11 CV 0536 MV/RHS

CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Explanatory Brief Supporting Standing (Doc. 28). The Court has considered the briefing and the relevant law, and being otherwise fully informed, **FINDS** that Plaintiff New Mexico Turn Around has standing and is a proper party to this lawsuit.

On January 19, 2012, the Court ordered Plaintiff New Mexico Turn Around ("NMTA") to file an explanatory brief as to standing because the Court at that time had "insufficient evidence . . . to assess Plaintiff's standing as a proper party" to the lawsuit. Doc. 27 at 1. Prior to the briefing on this matter, the only information the Court had regarding NMTA's organizational status was a one-sentence paragraph from its Complaint: "Plaintiff New Mexico Turn Around is a non-profit political action committee organized in the State of New Mexico." Doc. 1, ¶ 6. With this minimal information, the Court was unable to determine whether or not NMTA met the requirements for Article III standing.

1

To properly exercise jurisdiction over this action, the Court must find that NMTA has suffered an "injury in fact," that the injury is fairly traceable to the matching funds provisions of the Albuquerque City Charter, and that it is redressable by a decision in Plaintiff's favor.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  An "injury in fact" must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Initiative and Referendum Institute v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (hereafter "*IRI*") (quoting *Lujan*, 504 U.S. at 560).  Where, as here, the suit at issue alleges that the challenged action creates a "chilling effect" on speech in violation of the First Amendment, Plaintiff meets its burden of showing that its alleged injury is "concrete and particularized" by presenting

> (1) evidence that in the past [it has] engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that [it] presently [has] no intention to do so *because of* a credible threat that the statute will be enforced.

*Id.* at 1089 (emphasis in original).

With respect to showing an injury in fact, the Court finds that NMTA has satisfied the requirements set forth in *IRI*.  It presented evidence that it has engaged in the type of speech at issue – raising funds and engaging in independent expenditures against city council incumbents – in the past.  *See* Affidavit of Garth Sims (Doc. 28-1) at ¶¶ 4-6; Affidavit of Harvey Yates (Doc. 28-4) at ¶¶ 4-5.  It also presented affidavits attesting to its present desire to continue to engage in such speech.  *See* Affidavit of Garth Sims (Doc. 28-1) at ¶ 9; Affidavit of Harvey Yates (Doc. 28-4) at ¶ 7.  These affidavits further attest to NMTA's decision not to engage in the speech in question due to fear that the matching funds provisions would be enforced.  *See* Affidavit of

2

Garth Sims (Doc. 28-1) at ¶¶ 14-15; Affidavit of Harvey Yates (Doc. 28-4) at ¶¶ 8-9. Finally, the threat NMTA faced was credible: the City of Albuquerque passed the regulations at issue shortly before the filing of the Complaint, and the City Clerk's website at the time published the challenged provisions and did not indicate any intent not to enforce them. This constitutes sufficient evidence that the matching funds provisions would have been enforced if it were triggered.

The City does not argue that Plaintiff has failed to satisfy the first two requirements under *IRI*. Nor does the City challenge Plaintiff's contention that, at the time it filed its Complaint, it had no intention to engage in the speech at issue. The City focuses only on the second clause of *IRI's* third element: it argues that NMTA fails to establish the requisite "credible threat" because the candidates that it supported did not turn in the signatures or collect the contributions required to qualify them as participating candidates in the election. However, to require NMTA to do so in order to satisfy *IRI's* third prong would run contrary to *IRI's* holding, which imposes the minimal requirement that plaintiffs present evidence demonstrating their "present desire, though no specific plans," to engage in the speech affected by the challenged action. *See IRI*, 450 F.3d at 1089 ("A plaintiff who alleges a chilling effect asserts that the very existence of some statute discourages, or even prevents, the exercise of his First Amendment rights. Such a plaintiff by definition does not – indeed, should not – have a present intention to engage in that speech at a specific time in the future. It makes no sense to require plaintiffs simultaneously to say 'this statute presently chills me from engaging in XYZ speech,' and 'I have specific plans to engage in XYZ speech next Tuesday.'"). Contrary to the City's contention that the threat NMTA faced was "highly speculative," Doc. 29 at 7, it was entirely analogous to the threat the plaintiffs faced

in *IRI*, where the Tenth Circuit found that "the threat of enforcement is not just credible, but certain." *IRI*, 450 F.3d at 1090; *see also id*. (citing plaintiffs' "past and current conduct in preparation or support" for wildlife initiatives; their "allegations regarding their desire" to engage in the initiative process but for the challenged legislation; and their claims that the challenged legislation is the reason they are not presently engaging in the initiative process).

Having satisfied the injury-in-fact element of standing, NMTA must also satisfy the causation and redressability requirements. The City makes only a conclusory argument regarding causation, stating that "Plaintiff established a feeble causal relationship between its injury and the matching funds provision of the Charter." Doc. 29 at 9. With this argument, the City seems to be confusing the question of standing with the merits. It is undisputed that the City is the entity that passed the challenged matching funds provisions and that in turn would have enforced them. This is sufficient to show causation. Finally, the injury was redressable and indeed was redressed by the Court's decision entering the parties' stipulated injunction.

In conclusion, the Court finds that at the time Plaintiff NMTA filed its Complaint, it satisfied the requirements of Article III standing.

Dated this 16th day of August, 2012.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE