# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

NEW MEXICO TURN AROUND,

       Plaintiff,

v.                                   Civ. No. 11-00536 MV/RHS

CITY OF ALBUQUERQUE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Order Awarding Attorney's Fees and Costs ("Order") [Doc. 39], and Plaintiff's Objections to Magistrate's Order on Attorney's Fees ("Objections") [Doc. 43].  The Court, having considered the Objections to the Order, conducted a de novo review of the portions of the Order to which Plaintiff objects, and reviewed the relevant legal authority and supporting documents, finds that the Objections to the Order are sustained in part and that the Order is rejected in part and modified in part consistent with this Memorandum Opinion and Order.

## BACKGROUND

On June 17, 2011, Plaintiff New Mexico Turn Around ("NMTA") filed its Verified Complaint pursuant to 42 U.S.C. Section 1983 seeking declaratory and injunctive relief from Section 16 of Article XVI and Part H(9) of the Albuquerque Clerk's Regulations ("Matching Funds Regulation"), which provides for the distribution of "matching funds" to candidates based on independent expenditures made in opposition to that candidate and based on expenditures made in opposition to that candidate by a candidate opponent.  That same day, Plaintiff also filed a Motion for Preliminary Injunction, alleging that the Matching Funds Regulation is

unconstitutional.   The Verified Complaint and Motion for Preliminary Injunction were served on Defendant on June 21, 2011.   Six days later, on June 27, 2011, the United States Supreme Court declared Arizona's "matching funds" regulation unconstitutional.   *See Arizona Free Enter. Club's Freedom Club PAC v. Bennett*, 131 S. Ct. 2806 (2011).

On June 28, 2011, after reviewing the Supreme Court's decision, defense counsel contacted Plaintiff's counsel regarding the entry of a stipulated injunction.   Plaintiff's counsel prepared a proposed order.   On July 19, 2011, defense counsel Trisha A. Walker sent Plaintiff's local counsel Brant Lillywhite an e-mail indicating that Defendant "agree[d] to the language in the . . . [proposed] Stipulation for Injunction," but not to the language in the proposed order indicating that "Plaintiff[ is] entitled to reasonable attorney's fees."   Defense counsel represented that Defendant had "an argument that each party should bear [its] own fees in this matter."   Plaintiff's local counsel agreed to defer the attorneys' fees issue for resolution through subsequent motion practice and the language to which Defendant objected was removed from the stipulation.   The stipulated judgment thereafter was filed on July 20, 2011.   The Court granted the stipulated injunction on July 26, 2011, and enjoined Defendant from taking any action to implement the challenged regulations.

On August 19, 2011, Plaintiff's counsel Jeffrey P. Gallant sent defense counsel Walker a letter as well as billing records showing all of the time and expenses then expended on this case as well as the declaration of Plaintiff's expert Phillip A. Davis containing evidence of the prevailing market hourly rates for the attorneys working on this case.   The August 19 letter sought fees in the amount of $24,586.69 and indicated that members of Plaintiff's lead counsel had reduced their hours by five and seven-tenths percent.   On August 22, 2011, defense counsel sent Plaintiff's local counsel an e-mail offering to pay $3,000 in fees.

2

On August 23, 2011, Plaintiff's local counsel sent an e-mail to defense counsel pointing out that $3,000 did not cover work on the complaint and motion for preliminary injunction. Plaintiff's counsel instead offered to settle the attorneys' fee issue for $20,900, which represents a fifteen percent discount from the total number of hours Plaintiff originally had billed.   On August 24, 2011, defense counsel sent an e-mail to Plaintiff's local counsel declining this offer.   Also on August 24, 2011, Plaintiff's counsel Mr. Gallant pursued the possibility of an arbitration and/or mediation to resolve the fee issue.   Later that day, which was the eve of the due date for a motion for attorneys' fees, Plaintiff's counsel learned that defense counsel did not wish to arbitrate.

On August 25, 2011, Plaintiff filed its Motion for Attorneys' Fees.   Plaintiff's Motion seeks fees and costs pursuant to Section 1988 of Title 42, which provides that a court may award reasonable costs, expenses, and attorneys' fees to a "prevailing party" in an action to enforce 42 U.S.C. Section 1983.   *See* 42 U.S.C. § 1988.   Specifically, the Motion seeks fees and costs in the amount of $20,630.91 for lead counsel at the firm Bopp, Coleson & Bostrom and $9,111.05 for local counsel at the firm Lillywhite Law, LLC.   Plaintiff seeks these fees for two types of work: (1) pursuing declaratory and injunctive relief to invalidate the Matching Funds Regulation; and (2) preparing its Motion for Attorneys' Fees and supporting materials.   In its response to Plaintiff's Motion, Defendant argues that Plaintiff's fee request is unreasonable because Defendant consented to a stipulated judgment early in the litigation.

On September 10, 2012, the Magistrate Judge entered it Order granting in part and denying in part Plaintiff's attorneys' fee request.   The Magistrate Judge agreed with Defendant's reasoning that Plaintiff's fees were unreasonable due to the entry of the stipulated judgment on the merits of the case, but declined to reduce any of Plaintiff's hours for fees incurred for work on the merits because these "[a]ttorneys['] fees were necessary to finalize the capitulated injunctive

relief." Order, p. 2.   Instead, the Magistrate Judge reduced Plaintiff's fees by eliminating the

fees incurred after the stipulated judgment was entered on July 26, 2011, reasoning that after this

date "the schedule of billing [had] to do with fees generated in support of a demand for fees and

costs" and not with fees incurred in support of the injunctive relief requested in the Complaint.

*Id.*   The Magistrate Judge concluded that the fees incurred in pursuing Plaintiff's fee application

were not "reasonable under the circumstances" because the "case was adversarial only to the

extent that a complaint was filed and served."   *Id.*   The Magistrate Judge explained that "[b]y

coincidence, the *Bennett* decision was published and the City of Albuquerque accepted it as

binding on these proceedings."   *Id.*   On September 25, 2012, Plaintiff timely filed its Objections

to the Magistrate Judge's Order.

## <u>STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), the Court "may refer a motion

for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial

matter."   Fed. R. Civ. P. 54(d)(2)(D).   Rule 72(b) provides in relevant part that if the Court

makes a referral, "the magistrate judge must enter a recommended disposition, including, if

appropriate, proposed findings of fact."   Fed. R. Civ. P. 72(b)(1).   If a party files objections to a

Magistrate Judge's recommended disposition, "The district judge must determine de novo any part

of the magistrate judge's disposition that has been properly objected to.   The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).

4

## DISCUSSION

In its Order ruling upon Plaintiff's Motion for Attorneys' Fees, the Magistrate Judge awarded Plaintiff fees for work on or before July 26, 2011, because such fees were incurred pursuing declaratory and injunctive relief to invalidate the Matching Funds Regulation.   *See* Order, p. 2.   The Magistrate Judge declined to award fees after July 26, because these fees were incurred preparing Plaintiff's Motion for Attorneys' Fees and supporting materials.   *See id*. Plaintiff asks the Court to overrule the Magistrate Judge's Order in part to the extent that the Order denies Plaintiff's request for fees incurred after July 26, 2011.   Defendant has filed no objections to the Magistrate Judge's Order.   Thus, the Court does not review the validity of Plaintiff's request for fees incurred on or before July 26, but rather only reviews de novo the denial of its request for fees incurred subsequent to July 26.   *See* Fed. R. Civ. P. 72(b)(3).

In support of its Objections, Plaintiff argues that the Magistrate Judge erred in deeming the post-judgment time spent pursuing a fee award unreasonable because he "held the question of fees for work on attorney's fees to a separate justification" from the fees incurred on the merits. Objections, p. 2.   Plaintiff contends—and the Court agrees—that the same standard utilized to evaluate time expended on pre-judgment work applies to evaluating the reasonableness of time expended on post-judgment work related to the pursuit of an attorneys' fee award.

In *Mares v. Credit Bureau*, the Tenth Circuit explained that "an award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application."   801 F.2d 1197, 1205 (10th Cir. 1986) (citations omitted); *see also Gurule v. Wilson*, 635 F.2d 782, 792 (10th Cir. 1980) ("time spent resolving the fee issue should be included") (citation omitted).   The *Mares* court explained that "[t]he same standards employed in evaluating time expended in trial and trial preparation apply" to the evaluation of time spent in post-judgment

5

fee collection.   801 F.2d at 1205; *see also Comm'r I.N.S. v. Jean*, 496 U.S. 154, 162, 164-65

(1990) (explaining that all phases of the litigation, including the pursuit of attorneys' fees, are

subject to the same standard in determining the appropriateness of a fee award, for requiring a

separate justification for fee litigation would resurrect the financial deterrent that fee-shifting

statutes aim to eliminate).

Sound policy reasons exist for holding that an award of reasonable attorneys' fees includes

fees incurred for work spent preparing the fee application and that such work should be evaluated

by the same standard as fees incurred on the merits.

> [I]f an attorney is required to expend time litigating his fee claim,
> yet may not be compensated for that time, the attorney's effective
> rate for all the hours expended on the case will be correspondingly
> decreased. . . .   Such a result would not comport with the purpose
> behind most statutory fee authorizations, *viz*, the encouragement of
> attorneys to represent indigent clients and to act as private attorneys
> general in vindicating congressional policies.

*Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978); *accord Gagne v. Maher*, 594 F.2d 336,

344 (2d Cir. 1979), *aff'd*, 448 U.S. 142 (1980); *see also Jean*, 496 U.S. at 162 (quoting *Gagne* for

the proposition that "denying attorney's fees for time spent in obtaining them would 'dilute the

value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain

any fees' under 42 U.S.C. § 1988") (quoting *Gagne*, 594 F.2d at 344).   The same policy of

encouraging attorneys to represent indigent clients that is furthered by an award of attorneys' fees

for work on the merits of a case is also furthered by an award of fees for work pursuing fees.   As

such, Plaintiff contends, and the Court agrees, that denying fees for either phase, or subjecting fees

for work preparing a motion for attorneys' fees to an additional justification, impedes this policy.

Having established that Plaintiff may recover fees incurred in preparing a fee application

and that any recovery of fees for this type of work is subject to the same standard as fees for work

on the merits, the Court next determines whether the Magistrate Judge erred in concluding that Plaintiff's post-judgment fees were not reasonable and in exercising his discretion to reduce Plaintiff's recovery by eliminating all fees incurred after July 26.   "[N]ot every hour expended on a fee request is necessarily reasonable or compensable."  *Mares*, 801 F.2d at 1205.   The Supreme Court, however, has determined that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render an award unjust."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), *overruled on other grounds by Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 478 U.S. 782 (1989).   The Tenth Circuit also has emphasized that "[a] strong showing of special circumstances is necessary to support a denial" of attorneys' fees.  *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir. 1985) (citation omitted), *overruled on other grounds by Dennis v. Higgins*, 498 U.S. 439 (1991); *see also Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) ("District Court's discretion [under Section 1988] to deny fees to a prevailing party is quite narrow") (internal quotation marks and citation omitted).

The Magistrate Judge determined that any fees incurred after July 26, 2011, were not reasonable and therefore declined to award post-judgment fees based upon the non-adversarial nature of the case.   Specifically, the Magistrate Judge reasoned that the "case was adversarial only to the extent that a complaint was filed and served," due to the fact that six days after the complaint was served the Supreme Court decided *Bennett* and invalided Arizona's matching funds law. Order, p. 2.

The Tenth Circuit has held that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number [of hours] is not an erroneous method [of reducing an award the court deems unreasonable], so long as there is sufficient reason" for the reduction.  *Id.* at 1203 (citations omitted).   The Court is not persuaded, however, that the

7

reasoning set forth in the Order constitutes a sufficient basis on which to deny the fees incurred

post-judgment.   The Supreme Court's *Bennett* decision is controlling only on the question of

injunctive relief related to the Matching Funds Regulation and not to the pursuit of attorneys' fees.

The non-adversarial posture of this case therefore is limited to the merits.   As such, the

justification arguably could have supported a reduction in fees on the merits.   The Magistrate

Judge, however, held that the fees incurred on the merits pursuing an injunction were "necessary"

and declined to reduce those fees.   *See id.*

        Instead, the Magistrate Judge reduced only those hours incurred on the attorneys' fee issue.

Plaintiff's pursuit of attorneys' fees, however, was not governed by *Bennett* and it was not

stipulated to by Defendant.   Because the issue of attorneys' fees was contested, any justification

for reducing fees based upon the *Bennett* decision and the non-adversarial posture of the case

would not support a denial of fees for the post-judgment work.

        To the contrary, an award of attorneys' fees is particularly appropriate for Plaintiff's

post-judgment fees because Defendant opposed Plaintiff's efforts to obtain a fee award.   As one

court explained, "the case is stronger for awarding compensation for time spent litigating the issue

of a reasonable fee when that litigation is required because of opposition by an adversary."

*Prandini*, 585 F.2d at 54 n.8.   Here, Defendant vigorously contested the issue of attorneys' fees.

On July 19, 2011, defense counsel informed Plaintiff that Defendant would not stipulate to pay

reasonable attorneys' fees because Defendant believed it had an argument that each party should

bear its own costs.   When Plaintiff's counsel subsequently reduced its hours billed by five and

seven-tenths percent, seeking a total of $24,586.69, Defendant indicated it would only be willing

to pay $3,000.   When Plaintiff's counsel again attempted to negotiate with Defendant, offering to

settle for $20,900 (discounting the total number of hours billed by fifteen percent), declining to

charge for the time already spent negotiating, and explaining that settlement would avoid the expense of litigating a motion for attorneys' fees, Defendant rejected the offer again.   Moreover, on the eve of the due date for Plaintiff's motion for attorneys' fees, Defendant declined to resolve the fee issue through arbitration.

Having conducted a de novo review of that portion of the Magistrate Judge's order which denies Plaintiff's Motion for Attorneys' Fees incurred after July 26, 2011, the Court concludes that it will reject the Magistrate Judge's decision on the ground that the circumstances identified in the Order are not sufficiently strong to justify the denial of post-judgment fees.   *Cf. J & J Anderson*, 767 F.2d at 1474; *Phelps*, 120 F.3d at 1131.   The Court further concludes that a reasonable fee includes compensation for fees incurred in justifying the attorneys' fee application during the post-judgment phase of this litigation.   Defendant refused to stipulate to an award of a reasonable fee and rejected multiple offers to settle or arbitrate the fee issue without further post-judgment litigation.   Thus, Defendant left Plaintiff with no choice but to file its Motion for Attorneys' Fees if Plaintiff wanted to recover a reasonable fee.   Indeed, if Plaintiff had not filed its motion and had accepted Defendant's offer of $3,000, Plaintiff would have been left with a recovery that was $19,311.68, or 86.6 percent, less than the award of $22,311.68 that the Magistrate Judge found reasonable.   It further is worth noting that the Magistrate Judge's proposed award was $1,411.68 more than Plaintiff's last settlement offer of $20,900, which demonstrates that Plaintiff's settlement offer was reasonable, whereas Defendant's offer of $3,000 was not.   Thus, Plaintiff has met its burden of establishing its entitlement to attorneys' fees for work conducted after July 26, 2011.

The Court next must determine whether the amount of hours Plaintiff requests for its post-judgment work is reasonable.   *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the

applicant bears the burden of establishing both its entitlement to an award and the amount to which it is entitled).   As previously discussed, "not every hour expended on a fee request is necessarily reasonable or compensable."   801 F.2d at 1205 (awarding fees for time spent pursuing an attorneys' fee award but reducing the number of hours awarded from thirteen and one-half to four based upon the nature of the case).

The Supreme Court has recognized the lodestar as the measure of the reasonable fee to which a prevailing party is entitled under Section 1988.   *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).   The lodestar figure "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   *Hensley*, 461 U.S. at 433; *accord Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (internal quotation marks and citations omitted).   The Supreme Court has confirmed that the figure resulting from the lodestar calculation is more than a rough approximation of the final award; rather, "when the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee."   *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *see also Anchondo v. Anderson, Crenshaw & Assocs.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (recognizing the lodestar produces a presumptively reasonable fee) (citation omitted).

To determine the first prong of the lodestar calculation, the number of hours reasonably expended on the litigation, applicants should "submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433.   Adequate evidence "must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on."   *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overruled on other grounds by Penn. v. Delaware Valley Citizens' Council for Clean*

10

*Air*, 483 U.S. 711, 717 n.4 (1987).   In evaluating whether a fee request is reasonable, the following factors are relevant:   "(1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,'(4)'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services by multiple lawyers."   *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos*, 713 F.2d at 554).

Plaintiff has submitted records in support of its request which indicate that lead counsel billed a total of 19.4 hours after July 26, 2011.   The Supreme Court has held that "'hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority'"; thus "counsel . . . should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."   *Hensley*, 461 U.S. at 437 (citation omitted).   Consistent with this admonition, the affidavit of Plaintiff's lead counsel indicates that the number of hours for which counsel seeks an award was reduced from 19.4 to 17.3.   The Court has reviewed lead counsel's billing records and concludes that the tasks for which counsel seeks fees normally would have been billed to a paying client.   *Cf. Robinson*, 160 F.3d at 1281.   The Court further has evaluated the number of hours counsel spent on pursuing the attorneys' fee award and has considered the fact that Plaintiff's counsel would not have incurred the bulk of these fees but for the maneuvering of the other side.   *Cf. id.*   Based on the foregoing factors, the Court concludes that the number of lead counsel's post-judgment hours is reasonable.

The Court next considers whether the number of hours local counsel billed post-judgment is reasonable.   Local counsel's billing records indicate that counsel billed a total of 13.8 hours after July 26, of which local counsel seeks fees for 13.2 of those hours.   The Court concludes that the number of hours submitted by local counsel is not reasonable, and that the circumstances

11

surrounding local counsel's fees merit a denial of a portion of the fees requested.

One of the factors to consider in determining whether the number of hours is reasonable is "whether the tasks being billed would normally be billed to a paying client." *Id.* (internal quotations and citation omitted). Local counsel seeks fees on August 19, 2011, for eight-tenths of an hour for "[a]nalyz[ing] billable time records in order to eliminate unnecessary or unreasonable time." Counsel also seeks fees on August 19, 2011, for one-tenth of an hour for "[r]ead[ing] correspondence from Jeff Gallant re my billing statement, re whether the filing fee was reimbursed and re coordination to avoid duplicating that expense on the bills," and for another one-tenth of an hour for drafting correspondence to Mr. Gallant regarding the same topic. Counsel further seeks fees on August 25, 2011, for two-tenths of an hour for "conduct[ing] additional billing judgment analysis for fees entered since previous billing judgment analysis." The Tenth Circuit has explained that in exercising billing judgment to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, an attorney's role is "much as [that of] a senior partner in a private law firm [who] would review the reports of subordinate attorneys when billing clients." *Ramos*, 713 F.2d at 555. A senior partner executing this type of billing judgment would not likely bill a paying client for the time he or she spent cutting the unreasonably-billed hours of a subordinate attorney. Similarly, then, local counsel should not reasonably bill its adversary for time spent eliminating excessive, redundant, or unnecessary fees. The Court therefore excludes from local counsel's fee request the one and two-tenths hours counsel spent exercising billing judgment to ensure that its fee request was reasonable.

The Court further believes that many of the remaining twelve hours billed by local counsel are excessive and/or redundant. *Cf. Hensley*, 461 U.S. at 437; *Robinson*, 160 F.3d at 1281. A review of local counsel's records indicates that counsel bills in six minute increments and that

12

counsel lists only one task per billing entry, regardless of the simplicity of each task or its similarity to other tasks billed that same day.   Because the minimum increment for which counsel can bill is six minutes, each task counsel separately logs is billed for that minimum time of six minutes.   Thus, given the billing pattern reflected in local counsel's records, the Court presumes that even if counsel were to read a two line e-mail, counsel would bill that brief task for one six-minute increment.

The cumulative effect of this billing procedure produces an unreasonable number of hours billed.   For example, on August 18, 2011, local counsel logged twenty separate time entries, of which sixteen of those entries were for tasks billed for one-tenth of an hour, three of the entries were for tasks billed for two-tenths of an hour, and one of the entries was for a task billed for three-tenths of an hour.   Specifically, on the 18th, counsel billed one-tenth of an hour for the task of "[d]raft[ing] correspondence to Jeff Gallant re local rule requiring request for concurrence on fee applications," one-tenth of an hour for "[r]ead[ing] correspondence from Jeff Gallant re whether the good-faith-concurrence request applies to fee applications," one-tenth of an hour for "research[ing] local rules to double check re whether the good-faith concurrence request applies to fee applications," and one-tenth of an hour for "[d]raft[ing] second correspondence to Jeff Gallant re whether the concurrence request requirement applies to fee applications."   Once counsel decided to bill each of these tasks individually, the six-minute minimum billing increment made it possible for counsel to bill each discrete task for six minutes.   In the Court's view, these four tasks, which were related to the same simple local rule requiring good faith concurrence, did not merit 24 minutes of work.   *Cf. Robinson*, 160 F.3d at 1281 (factors to consider in determining the reasonableness of a fee request include the number of hours spent on each task and the complexity of the task).   Yet, based upon local counsel's billing procedure, 24 minutes was recorded.   This is

only one example of numerous instances of what the Court believes constitutes redundant and excessive billing.

The fee applicant bears the burden of establishing an entitlement to an award and documenting the appropriate hours expended.   *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).   This burden has not been satisfied.   Thus, having reviewed local counsel's billing records, the Court concludes that local counsel's billing procedure renders an award based upon twelve hours of work unjust.   *Cf. id.* at 429.   A reduction in hours billed is therefore necessary to achieve a reasonable fee.   *Cf. Mares v. Credit Bureau*, 801 F.2d 1197, 1203 (10th Cir. 1986). Based upon the Court's review of each line item in local counsel's billing records, the Court concludes that six hours would be a reasonable number of hours to expend for the work billed by counsel.   Thus, the Court reduces local counsel's hours expended in pursuit of a fee award from twelve to six.

To determine the second prong of the lodestar calculation, the reasonableness of the hourly rate, the Court must look to "prevailing market rates in the relevant community."   *Blum v. Stenson*, 465 U.S. 886, 895 (1984).   Plaintiff has submitted the affidavit of Philip B. Davis, a practicing civil rights attorney and expert witness on attorneys' fees in New Mexico in support of its hourly fee requests of $175 for Mr. Lillywhite, who has over five years of experience, $225 for Josiah Neeley, who has seven years of experience, $275 for Mr. Gallant, who has ten years of experience, and $350 for James Bopp, who has over thirty-eight years of experience.   Mr. Davis opines that the hourly rates Plaintiff seeks are fair and reasonable and within the range of market rates for lawyers of comparable skill and experience doing complex federal litigation in the New Mexico legal community.   Mr. Davis further attests that the hourly rates are in the range of rates that have been awarded in federal and state district courts to lawyers of comparable skill and

14

expertise.   The Magistrate Judge did not find these fees unreasonable and neither does this Court.

Thus, the Court concludes that the hourly rates sought by Plaintiff shall constitute the second

prong of the lodestar figure.

Finally, in addition to fees for attorney services, "items that are normally . . . billed in

addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in

amount." *Ramos*, 713 F.2d at 559.   "This includes 'fees and costs' which are 'not normally

absorbed as overhead in private firm litigation.'"   *Id.*; *see also Case v. Unified Sch. Dist. No. 233*,

157 F.3d 1243, 1249 (10th Cir. 1998) ("a prevailing party in a civil rights action is normally

entitled to costs under 28 U.S.C. §1920" in addition to those "fees and expenses allowed under

§1988") (citations omitted).

Lead counsel seeks costs in the amount of $117.00, for computer-assisted legal research

incurred on September 20, 2011, and September 21, 2011.[1]   Counsel has explained that

computer-assisted legal fees are normally passed onto paying clients.   The Court concludes that

this expense is reasonable and therefore grants Plaintiff's motion to recover this fee.


## **CONCLUSION**

For the foregoing reasons, IT THEREFORE IS ORDERED that (1) Plaintiff's Objections

to Magistrate's Order on Attorney's Fees [Doc. 43] is sustained with respect to the fees and costs

sought by lead counsel and sustained in part with respect to the fees sought by local counsel; (2)

the Magistrate Judge's Order Awarding Attorney's Fees and Costs [Doc. 39] is rejected in part and

modified in part consistent with this Memorandum Opinion and Order; (3) counsel shall calculate

the amount of the attorneys' fees awarded herein by multiplying seventeen and three-tenths hours

---

[1]   These research expenses are the sole costs incurred after July 26, 2011.

of post-judgment work for lead counsel and six hours of post-judgment work for local counsel by

the hourly rates that this Court has deemed reasonable; and (4) Plaintiff is awarded $117.00 in

costs.


Dated this 22nd day of May 2013.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE