UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO TURN AROUND,**

    **Plaintiff,**

v.              11cv536 MV/RHS

**CITY OF ALBUQUERQUE,**

    **Defendant.**

### ORDER DENYING MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND EXPENSES

  THIS MATTER comes before the Court on Plaintiff's Motion for Supplemental Attorneys' Fees and Expenses (Doc. 41).  The Court has reviewed the Motion, the Response (Doc. 44), the Reply (Doc. 45), and all the pleadings on file in the above-captioned cause and concludes that the Motion is not well-taken and will be denied.

  On January 19, 2012, the trial Court ordered that Plaintiff file "an explanatory brief and verified documentation demonstrating that it is has standing and is a proper party to this lawsuit" (Doc. 27).  The Court raised this issue *sua sponte* (Doc. 27) to determine if the non-profit political action committee had been properly before the Court, which was not clear given the information provided in the Complaint.  Plaintiff filed its brief (Doc. 28), Defendant responded in opposition (Doc. 29), and Plaintiff replied (Doc. 30).  The trial Court concluded that Plaintiff did have standing at the time of filing suit (Doc. 34).

  With the present Motion, Attorney Brant Lillywhite submitted a declaration and invoice for $12,651.68.  The billing records generally indicate that these fees and expenses were incurred by Mr. Lillywhite for two major activities: (1) participating in the court-ordered briefing on

standing and (2) preparing the present supplemental motion for attorney fees, fees which were mostly for the standing briefing.

Plaintiff argues that Defendant should pay its fees and expenses for these activities because Plaintiff was the prevailing party and that the fee is reasonable (Doc. 41 at 2).  42 U.S.C. § 1988(b); Robinson v. City of Edmond, 160 F.3d 1275, 1280 (10th Cir. 1998).  While that is a correct statement of the law, the facts here are more nuanced than as presented in Plaintiff's current Motion.  Plaintiff does not directly address whether it is fair to impose fees and expenses on Defendant because the Court ordered Plaintiff to brief standing long after the parties reached a resolution on the merits, or if the purpose of the prevailing party rule is furthered by doing so.  Defendant did not have any control over the Court's decision to request explanation on standing from Plaintiff, and the undersigned does not find any legal support for penalizing Defendant by assessing fees and costs related to the Court's reasonable request.  It appears that even if Defendant had filed a response brief agreeing with Plaintiff on the standing issue, Plaintiff would still consider itself the prevailing party and seek to collect fees and expenses from Defendant.

The undersigned notes that Defendant acted expeditiously on the merits of the litigation.  As soon as the Defendant became aware of newly-pronounced law that favored Plaintiff, Defendant, admirably and to the best of its abilities, minimized any expenses and fees incurred by Plaintiff.  The undersigned concludes that it would be unjust to bill Defendant for Court-ordered briefing regarding standing and the fee motion related to standing.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Supplemental Attorneys' Fees and Expenses is DENIED.  The parties are to bear their own fees and costs.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE