IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO TURN AROUND,**

    Plaintiff,

vs.

**CITY OF ALBUQUERQUE**

    Defendant.

No. 11-CV-0536-MV-RHS

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Magistrate Judge's Order Denying Motion for Supplemental Attorneys' Fees and Expenses [Doc. 49] and Plaintiff's Objections thereto [Doc. 50]. The Court, having considered the Objections and conducted a *de novo* review of the portions of the Order to which Plaintiff objects, finds that the Objections are not well-taken and that the Order is therefore **AFFIRMED.**

BACKGROUND

For the purposes of this decision, the Court will assume general factual familiarity with the underlying case, but will briefly describe the circumstances pertinent to the instant dispute. On July 20, 2011, the parties entered into an agreement that resulted in a stipulated injunction entered against the Defendant City of Albuquerque. *See generally* Doc. 18. Months later, on January 19, 2012, the Court *sua sponte* ordered briefing on the question of whether Plaintiff had standing

1

to bring the suit.  *See generally* Doc. 27.  The Court ultimately determined that Plaintiff met all of the requirements imposed by Article III.  *See* Doc. 34 at 4.

On September 16, 2012, Plaintiff filed a Supplemental Motion for Attorneys' Fees and Expenses [Doc. 41] seeking, primarily, compensation for costs incurred "for two major activities:  (1) participating in the court-ordered briefing on standing and (2) preparing the present supplemental motion for attorney fees, fees which were mostly for the standing briefing." Doc. 49 at 1-2.  The Magistrate Judge reviewed this request and declined to order that the City of Albuquerque pay the enumerated fees and costs, reasoning that while Plaintiff is, indeed, a "prevailing party" for the purposes of Section 1988, "Defendant did not have any control over the Court's decision to request explanation on standing from Plaintiff" and that "it would be unjust to bill Defendant for Court-ordered briefing regarding standing and the fee motion related to standing." *Id.* at 2.  Plaintiff timely objected to the Magistrate Judge's Order and now requests that this Court award it the fees and costs that it requested in its Motion.  *See generally* Doc. 50.  For substantially the same reasons articulated in the Magistrate Judge's Order, the Court will decline to do so and instead will **AFFIRM** the decision of the Magistrate Judge.

## DISCUSSION

### I.    Federal Rules of Civil Procedure 54 & 72

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(D), the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D).  Rule 72(b) provides in

relevant part that if the Court makes a referral, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). If a party files objections to a Magistrate Judge's recommended disposition, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Section 1988 and Attorneys' Fees

Ordinarily, a "prevailing plaintiff" in a Section 1983 suit is entitled to "a reasonable attorney's fee." *See Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). As discussed in a previous order, there is no dispute that Plaintiff has "prevailed" in the instant suit and, therefore, is presumptively entitled to recover fees. *See* Doc. 48 at 6-7. The inquiry, however, does not end there.

It is well-established that a significant exception to this rule is that courts may refuse to award fees and costs in "special circumstances" that "render such an award unjust." *Lefemine*, 133 S. Ct. at 12. One such set of "special circumstances" is where the work for which plaintiff seeks reimbursement is either unnecessary or a product of plaintiff's own negligence. That is, a plaintiff may not recover fees associated with time spent "obtaining an extension of time" as a defendant should not bear the costs of plaintiff's dilatory tactics or lackadaisical prosecution of the case. *See Steele v. Van Buren Pub. Sch. Dist.*, 845 F.2d 1492, 1496 (8th Cir. 1988).

3

Similarly, a court may subtract work that is "duplicative, unproductive, excessive, [] otherwise unnecessary" or "unreasonably, unnecessarily or inefficiently devoted to the case." *Rogers v. Cofield*, 935 F. Supp. 2d 351, 375 (D. Mass. 2013) (internal quotation marks omitted).

The case at bar resonates strongly with this reasoning. Here, work devoted to briefing the standing question was both unavoidable by the City of Albuquerque and a product entirely of Plaintiff's infelicitous and vague pleading. *See, e.g.*, Doc. 27 at 1. *See also* Doc. 51 at 2 ("they did not plead their Complaint with enough particularity regarding their standing to sue."). The Court will not inflate the fees already awarded in this case with hours related to efforts expended to clarify an ambiguity that Plaintiff could have readily avoided by taking moderate care in the drafting and preparation of its Complaint. Thus, the Court agrees with the Magistrate Judge's determination and will **AFFIRM** the Order Denying Motion for Supplemental Attorney's Fees and Expenses [Doc. 49].

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Objections [Doc. 50] are **OVERRULED** and that the Magistrate Judge's Order Denying Motion for Supplemental Attorney's Fees and Expenses [Doc. 49] is **AFFIRMED**.

Dated this 4th day of September, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE